## TUSKA v. UNITED STATES.

(Circuit Court, S. D. New York. December 9, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—SCREENS.

> Screens composed of cotton, paper, and wood, the paper being of chief value, were not dutiable, under the act of 1890, as "furniture," under paragraph 230, or as manufactures of cotton, under paragraph 355, or as manufactures of silk, under paragraph 414; and having been classified by the collector as embroidered articles, under paragraph 373, held, that the classification must be affirmed, though not proper in itself, as the protest named only the paragraphs above enumerated.

This was an appeal by A. L. Tuska from a decision of the board of general appraisers affirming the action of the collector of the port of New York in respect to the classification for duty of certain imported merchandise.

The merchandise in question consisted of screens composed of cotton, paper, and wood, and were classified for duty by the collector under paragraph 373 of the act of October 1, 1890, as "embroidered articles," at 60 per cent. ad valorem. The importer protested, claiming that the articles should have been assessed for duty under paragraph 230, at 35 per cent. ad valorem, as furniture; or under paragraph 355, at 40 per cent. ad valorem, as manufactures of cotton; or under paragraph 414, at 50 per cent. ad valorem, as manufactures of which silk is the component material of chief value. The local appraiser reported that the cotton embroidery was the chief element of value, and duty was accordingly assessed under paragraph 373. On subsequent examination, by a special appraiser appointed for the purpose, it was ascertained, however, that paper was in fact the component material of chief value.

W. Wickham Smith, for plaintiff.
Henry D. Sedgwick, Jr., Asst. U. S. Atty.

WHEELER, District Judge. These screens were not assessable according to the protest; and the classification by the collector, although erroneous, could not be changed by the board, but had to be followed, as it was. Decision affirmed.